Case 3:22-cr-00542-BAS Document 31 (Court only) Filed 11/08/24 PageID.94 Page 1 of 5

Case 3:24-cr-02472-LS Document 2 Filed 11/08/24 Page 1 of 5

PROB 12C(D)
(05/17)

October 7, 2024
pacts id: 7903253

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision and Transfer of Jurisdiction

**Name of Offender:** Octavio Carrasco-Gimez (Spanish)     **Dkt No.:** 22CR00542-001-BAS

**Reg. No.:** 05384-506

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326, Removed Alien Found in the United States, a Class C felony.

**Date of Sentence:** July 11, 2022

**Sentence:** 18 months' custody; three years' supervised release. *(Special Conditions If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure. )*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** May 26, 2023

**Asst. U.S. Atty.:** Mathew J. Sutton     **Defense Counsel:** Jory A. Burks, Fed. Defs., Inc. (Appointed) 619-234-8467

**Prior Violation History:** None.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT AND TRANSFER OF JURISDICTION**

PROB 12C(D)
Defendant: Octavio Carrasco-Gimez  October 7, 2024
Docket No.: 22CR00542-001-BAS  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nv1)* | 1. On or about August 16, 2024, Mr. Carrasco-Gimez, a previously deported or removed alien, was found in the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in the United States District Court, Western District of Texas, Dkt. No. 24CR02057-001-LS. |
| | 2. On or about August 16, 2024, Mr. Carrasco-Gimez, illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the complaint filed in the United States District Court, Western District of Texas, Dkt. No. 24CR02057-001-LS. |

**Grounds for Revocation:** As to Allegations 1 to 2, I received and reviewed the I received and reviewed the complaint filed in the United States District Court, Western District of Texas, which confirms the following: On the above date, Border Patrol Agents (BPA) encountered the offender at or near mile marker No. 83 on interstate 10 in Fort Hancock, Texas. The offender was arrested after BPA determined the offender was a native and citizen of Mexico, without immigration documents allowing him to be or remain in the United States. Records revealed that the offender was deported from the United States on May 30, 2023, through San Ysidro, Ca.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On August 19, 2024, the complaint was filed in the United States District Court, Western District of Texas Dkt. No. 24CR02057-001-LS, charging the offender with 8 U.S.C. §§ 1326(a) and (b)(1), Illegal Re-Entry. The offender plead guilty before Judge Anne T. Berton on October 2, 2024. Further Court hearings have not been scheduled.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 14 months' custody with 36 months' of supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: October 7, 2024

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  _/s/ Tracy D. Huxman_
Tracy D. Huxman
Supervisory U.S. Probation Officer
(619) 409-5149

PROB 12CW(D)            October 7, 2024

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** CARRASCO-Gimez, Octavio

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 22CR00542-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Deported Alien Found in the U.S. | B |
| Illegal Entry/Attempted Reentry | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [ III ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:    [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category III establishes an imprisonment range of:    [8-14 months]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:    [ 36 months ]

9. **Recommendation:** [14 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/36 months' of supervised release to follow ]

**THE COURT ORDERS:**

| X | A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS, AND UPON APPROVAL OF TRANSFER OF JURISDICTION (PROB 22) FROM THE WESTERN DISTRICT OF TEXAS, JURISDICTION TO BE TRANSFERRED. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT. |

(Currently detained at West Texas Regional Detention Facility, El Paso, Texas, under Register No. 05384-506)

| ___ | A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS; JURISDICTION TO REMAIN IN THE SOUTHERN DISTRICT OF CALIFORNIA. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT. |

___ Other _____

_/s/ Cynthia Bashant_    10/10/2024
The Honorable Cynthia Ann Bashant    Date
U.S. District Judge

AH for LUS